1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5   WELLS FARGO BANK, NA, ET AL.,              Case No. C-10-04965  JCS

6
                                              **ORDER GRANTING MOTION TO**
7           Plaintiff,                        **REMAND [Docket No. 7]**

8        v.

9    JAMES HOBAN HUNT, ET AL.,

10         Defendants.
    _____/

11

12   **I.     INTRODUCTION**

13          Plaintiff Wells Fargo Bank, NA ("Wells Fargo") has filed a motion to remand this unlawful

14   detainer action to Contra Costa County Superior Court following removal to federal court by

15   Defendants James Hoban Hunt and Lanlee Lani Long ("Defendants").  Plaintiff filed the action on

16   September 30, 2010, in Contra Costa Superior Court.  On October 7, 2010, Defendants filed an

17   answer to the complaint in state court in which they generally denied all allegations and asserted

18   affirmative defenses under state and federal law.  On November 3, 2010, Defendants removed the

19   action to federal court.  Presently before the Court is Plaintiff's Motion to Remand ("the Motion"),

20   in which Plaintiff seeks remand on the grounds that there is no federal jurisdiction and that the

21   removal was procedurally defective.  The Court finds that the Motion is suitable for determination

22   without oral argument, pursuant to Civil Local Rule 7-1(b), and therefore vacates the February 25,

23   2011 hearing.  For the reasons stated below, the Motion is GRANTED.[1]

24

25

26

27   _____

28       [1]The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to
     28 U.S.C. § 636(c).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

## II.      BACKGROUND

### A.      The Complaint and Answer

This action, which Wells Fargo filed in Contra Costa County Superior Court on September 30, 2010, is an unlawful detainer action pursuant to California Code of Civil Procedure § 1161 et. seq., to recover possession of property following foreclosure proceedings.  Compl. ¶ 5.  In particular, Wells Fargo alleges that it is the owner of and entitled to possession of the real property located at 25 Parkridge Place in El Sobrante, California ("Subject Property"), because it acquired title to the property by Trustee's Deed Upon Sale following foreclosure proceedings on August 24, 2010 in compliance with California Civil Code § 2924 et. seq. *Id.* at ¶¶ 1, 4 & 5.  Wells Fargo further alleges that on September 2, 2010, it served Defendants a written notice to quit and deliver possession of the property to Wells Fargo within three days.  *Id.* at ¶ 7 &  Ex. 2.  According to the Complaint, Defendants did not deliver possession of the property within three days, and remain in possession of the property without Wells Fargo's consent.  *Id.* at ¶¶ 7, 8.  Finally, Wells Fargo alleges that no landlord/tenant relationship exists between Wells Fargo and Defendants.  *Id.* at ¶ 6.

Defendants filed an answer on October 7, 2010.  In their Answer, Defendants assert affirmative defenses based on, *inter alia*, alleged violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § §2601 *et seq.* ("RESPA").

### B.      The Notice of Removal

Defendants, who are not represented by counsel, filed their Notice of Removal on November 3, 2010, on the basis of federal question and diversity jurisdiction.  Notice of Removal, ¶¶ 15-16 (citing 28 U.S.C. §§ 1331-1332).  In support of federal question jurisdiction,  Defendants state that Wells Fargo's unlawful detainer action raises issues under federal law, namely, TILA, RESPA and various provisions of the Code of Federal Regulations, because Wells Fargo failed to comply with these federal laws in foreclosing on the Subject Property. *Id.* ¶¶ 8-11.  Accordingly, Defendants seek to assert affirmative defenses and counterclaims against Wells Fargo based on federal law.  *Id.* ¶ 14.  In addition, Defendants appear to invoke the Due Process Clause of the U.S. Constitution as a

2

basis for federal question jurisdiction, asserting that they have a constitutional right to a hearing

before they are "removed from possession of their property." *Id.* ¶ 12.

Defendants also invoke diversity jurisdiction, under 28 U.S.C. § 1332, asserting as follows:

a) Plaintiff WELLS FARGO'S state of incorporation is CALIFORNIA.

b) Defendant JAMES HOBAN HUNT and LANLEE LANI LONG is a resident and citizen of the State of CALIFORNIA.

c) The matter in controversy exceeding $75,000.00. Plaintiff is attempting to wrongfully deprive Defendant of their home valued $233,000.00. This value exceeds the $75,000 case in controversy requirement.

Id. ¶ 16.[2]

**C.   The Motion to Remand**

In the Motion, Wells Fargo seeks remand to state court on the following grounds: 1) the

removal was procedurally defective because Defendants failed to serve the Notice of Removal on

Wells Fargo, which was informed of the removal by the clerk of the state court; 2) there is no federal

question jurisdiction because the Complaint does not assert any federal claims; and 3) there is no

diversity jurisdiction because Wells Fargo and Defendants are citizens of California and in any

event, the amount in controversy is only $5,000.00. In addition, Wells Fargo seeks sanctions based

upon Defendants' improper removal, stating that it notified Defendants prior to removal that

removal of an unlawful detainer action was not appropriate.

**D.   Defendants' Opposition to the Motion to Remand**

In their Opposition, Defendants assert that the Motion to Remand should be denied because:

1) under the Due Process Clause, they are entitled to a meaningful hearing before being deprived of

their property and the summary procedure for unlawful detainer actions in state court deprive them

of that right; 2) Wells Fargo violated various federal laws, including TILA and RESPA, in

---

[2]Defendants also state that they are entitled to remove this action based on their membership in the Twin Builders Foundation, which is a named plaintiff in a class action pending in this district, Case No. C-10-00985, and that they seek to assert the federal claims cited above in that action as well. *Id.*, ¶¶ 13-14. Without reaching the question of whether a related action pending in federal court could ever support removal jurisdiction, the Court notes that the case upon which Defendants rely has been closed following the voluntary dismissal of all claims asserted in that case and therefore, that case does not support removal of Wells Fargo's unlawful detainer action to this Court.

1   foreclosing on Defendants; and 3) there is diversity jurisdiction because the amount in controversy is

2   the market value of the home, that is, $233,000.00.  Defendants do not address Wells Fargo's

3   contention that the citizenship of the parties is not diverse.  Finally, Defendants argue that even if the

4   Court grants the Motion, Wells Fargo should not be awarded sanctions in the form of attorneys' fees

5   because Defendants are proceeding without the assistance of counsel and in removing the action,

6   they have not attempted to harass or cause Wells Fargo undue expense.

7   **III.    ANALYSIS**

8        **A.    Legal Standard Governing Removal**

9        "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

10  State court of which the district courts of the United States have original jurisdiction, may be

11  removed by the defendant or the defendants, to the district court of the United States for the district

12  and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).   Original

13  jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C.

14  §§ 1331 and 1332.   Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on

15  diversity, requires complete diversity of citizenship and an amount in controversy in excess of

16  $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331, based on the existence of a

17  federal question, requires a civil action to arise under the constitution, laws, or treaties of the United

18  States.  "If at any time before final judgment, it appears that the district court lacks subject matter

19  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

20       The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."

21  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal

22  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

23  (citation omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant

24  always has the burden of establishing that removal is proper." *Id.*

25       A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears

26  on the face of the properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

27  (1987).  This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal

28  jurisdiction by exclusive reliance on state law.  *Id.*  Further, whether a case arises under federal law

4

United States District Court

For the Northern District of California

1   does not depend upon matters raised in the answer or in counterclaims.  *Holmes Group, Inc. v.*

2   *Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-831 (2002).

3       **B.       Whether There is Federal Question Jurisdiction**

4       Wells Fargo asserts a single state law claim in its complaint, for unlawful detainer under

5   California Civil Code section 1161 *et seq.*  A plaintiff bringing an unlawful detainer claim is entitled

6   to judgment upon establishing that the property at issue was sold in accordance with California Civil

7   Code section 2924 and that the requisite three-day notice to quit to defendant was served as required

8   in California Code of Civil Procedure section 1161 a.  *Litton Loan Servicing, L.P. v. Villegas*, 2011

9   WL 204322, at * 2 (N.D. Cal., January 21, 2011)(citing *Evans v. Superior Court*, 67 Cal.App.3d

10  162, 168, 136 Cal.Rptr. 596 (1977)).  Thus, an unlawful detainer claim such as the one asserted by

11  Wells Fargo here does not raise a federal question.  *See Litton*, 2011 WL 204322, at * 2 (remanding

12  unlawful detainer action to state court based, in part, on lack of federal question jurisdiction);

13  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at*2 (N.D. Cal. Mar. 19, 2003) (same);

14  *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal. Dec. 6, 2010) (same);

15  *Partners v. Gonzalez*, 2010 WL 3447678, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).

16      Further, Defendants' assertion of affirmative defenses and/or counterclaims based on alleged

17  violations of federal law do not provide a basis for federal jurisdiction.  As discussed above, the

18  well-pleaded complaint rule does not allow courts to consider affirmative defenses or counterclaims

19  in determining whether federal question jurisdiction exists.  Moreover, counterclaims are not

20  permitted in unlawful detainer actions due to the limited scope of those proceedings.  *Knowles v.*

21  *Robinson*, 60 Cal. 2d 620, 625 (1963).  As the California Supreme Court explained in *Knowles v.*

22  *Robinson*:

23          The remedy of unlawful detainer is designed to provide means by which the timely
            possession of premises which are wrongfully withheld may be secured to the persons entitled
24          thereto. The summary character of the action would be defeated if, by cross-complaint or
            counterclaim, issues irrelevant to the right of immediate possession could be introduced.
25          Thus in *Lakeside Park Assn. of Kelseyville v. Keithly*, 43 Cal.App.2d 418, 110 P.2d 1055, the
            court held as follows: 'The rule is firmly established in California that neither a
26          cross-complaint nor a counterclaim may be properly filed in a suit for unlawful detention of
            property, even though the alleged cause therein contained grows out of the subject-matter
27          involved in the original suit. *Schubert v. Lowe*, 193 Cal. 291, 223 P. 550; *Knight v. Black*, 19
            Cal.App. 518, 527, 126 P. 512; *Rydell v. Beverly Hills Printing & Pub. Co.*, 88 Cal.App. 216,
28          262 P. 818; 15 Cal.Jur. 865, s 292. The reason for this rule is that the statute provides for the

1    action of unlawful detainer as a summary proceeding, to secure possession of premises which

2    are wrongfully withheld from the owner, and that the injecting of other issues extrinsic to the
     right of possession may defeat the very purpose of the statute.'

3    *Id.*  California courts have explained that parties challenging issues of title that cannot be litigated in

4    an unlawful detainer proceeding may "seek relief by way of separate actions to quiet title or for

5    specific performance." *Evans*, 67 Cal.App.3d at 170.  Judgment in an unlawful detainer action does

6    not bar such separate actions. *Id.* at 171.

7        Finally, to the extent that Defendants attempt to base jurisdiction on an alleged due process

8    violation arising out of the summary nature of the state unlawful detainer procedure, that theory fails

9    as well.  First, even assuming Defendants were permitted to assert an affirmative defense or

10   counterclaim in this action based on an alleged constitutional due process violation, the Court could

11   not consider it for the purposes of federal question jurisdiction under the well-pleaded complaint

12   rule.  Second, any such claim would fail, as a matter of law, because Wells Fargo is not a state actor

13   and its conduct in connection with the unlawful detainer at issue here was not taken "under color of

14   law," as is required to state a claim for a violation of procedural due process rights guaranteed by the

15   Fourteenth Amendment. *See Haw v. Washington Mut. Bank*, 2010 WL 728200, at *1 (E.D. Cal.

16   Mar. 1, 2010)(holding that "[u]se of the unlawful detainer process standing alone does not transform

17   acts by a private party into acts under color of law for purposes of § 1983").

18      **C.      Whether There is Diversity Jurisdiction**

19      As stated above, diversity jurisdiction exists when all plaintiffs are citizens of different states

20   from all defendants and the amount in controversy exceeds $75,000.00.  Neither requirement is met

21   here and therefore there is no diversity jurisdiction in this case.

22      First, there is no diversity of citizenship because all of the parties to this action are citizens of

23   California. *See* Complaint ¶ 3; Notice of Removal ¶ 16 (stating that Wells Fargo is a California

24   corporation and that Defendants are residents and citizens of California); *see also* 28 U.S.C. §

25   1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been

26   incorporated and of the State where it has its principal place of business . . .").

27      Second, the amount in controversy requirement is not satisfied because in unlawful detainer

28   actions, "the right to possession alone [is] involved  – not title to the property." *Litton*,  2011 WL

United States District Court

For the Northern District of California

1    204322, at * 2 (quotations omitted).   Therefore, damages are limited to the rental value of the

2    property during the period of unlawful possession.  *Id*.  Wells Fargo has asserted that the rental value

3    of the property during the period of unlawful possession (less than a month at the time the complaint

4    was filed) is less than $5,000.00 and Defendants have not disputed that the rental value is less than

5    $75,000.00.  Rather, they have relied on the alleged value of the Subject Property.  That, however, is

6    not the appropriate measure of damages for assessing the amount in controversy in unlawful detainer

7    actions.  *See id.*  Therefore, the Court finds that the amount in controversy requirement is not

8    satisfied.[3]

9                    **D.        Whether Sanctions Should be Awarded**

10           Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just

11   costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

12   U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may

13   award attorney's fees under § 1447(c) only where the removing party lacked an objectively

14   reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees

15   should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The *Martin* court

16   explained that "district courts retain discretion to consider whether unusual circumstances warrant a

17   departure from the rule in a given case."  *Id.*  In *Lussier v. Dollar Tree Stores, Inc.,* the Ninth Circuit

18   cautioned that "removal is not objectively unreasonable solely because the removing party's

19   arguments lack merit, or else attorney's fees would always be awarded whenever remand is

20   granted."  518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, the objective reasonableness of the removal

21   depends on the clarity of the applicable law and whether such law "clearly foreclosed" the

22   defendant's arguments for removal.  *Id.* at 1066-67.

23           In determining whether to award attorneys' fees in cases involving improper removal by a

24   pro se defendant, courts accord significant weight to the defendant's lack of representation.  *See,*

25   *e.g., OneWest Bank, FSB v. Mohr,* 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to award

26   

27           [3]Because the Court finds that there is no federal jurisdiction, it does not reach the question of
     whether the action should be remanded on the basis of Defendants' failure to serve the Notice of
28   Removal on Wells Fargo.

fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of defendants constituted "unusual circumstances;" although it would have been "readily apparent" to an attorney that removal lacked merit, these defendants did not have the "benefit of legal counsel"); *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7, 2010) (denying motion for fees because Defendant's mistake was "understandable" for a pro se litigant);  *Citibank N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in consideration of Defendant's pro se status")*; J.P. Morgan Chase Bank v. Peterson*, 2005 WL 2334712, at *4 (E.D. Cal. Sept. 21, 2005) (noting Court's earlier denial of fees on the basis of Defendant's lack of representation).

  The Court declines to impose sanctions in this case in light of the fact that Defendants are not represented by counsel and it does not appear that they acted in bad faith.

**IV.**  **CONCLUSION**

  For the reasons stated above, the Motion is GRANTED.  This matter is remanded to Contra Costa County Superior Court.

  IT IS SO ORDERED.


Dated: February 3, 2011


_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
For the Northern District of California

8